<hr/>

## No. 917.

CELESTINE DELHOMME, WIFE, ET AL., VS. C. C. DUSON, SHERIFF, ET AL.

Plaintiff can assert no greater rights than Alexander Stelly, under whom she claims, and who sold a small tract of land to Stanville Prejean for one thousand and fifty dollars, which amount said Prejean bound himself to pay to Bienvenu Stelly in discharge of a certain mortgage bearing on said land for $906 20. Bienvenu Stelly foreclosed, *via executiva,* the mortgage to secure this debt of one thousand and fifty dollars. Plaintiff, as transferee of Alexander Stelly, brought this suit by third opposition, claiming the proceeds of the sale of the mortgaged property, on the ground that the mortgage debt of $906 20, in settlement of which Bienvenu Stelly acquired the claim in question was for Confederate treasury notes; wherefore plaintiff alleges that the claim of one thousand and fifty dollars sought to be enforced by Bienvenu Stelly belongs to her as transferee of Alexander Stelly, who sold the land to Prejean.

Celestine Delhomme vs. Duson.

The court *a qua* erred in maintaining this opposition. Bienvenu Stelly is the owner of the claim of one thousand and fifty dollars sought to be enforced. Land was the consideration thereof, not Confederate notes. Alexander Stelly, under whom plaintiff claims, could not recover from Bienvenu Stelly the claim against Prejean for one thousand and fifty dollars, which he gave in settlement of his own debt of $906 20, secured by mortgage, admitting this to have been for Confederate notes. It was an executed contract, and it can not be annulled on account of Confederate money consideration. The policy of the law is to allow neither party to recover on an immoral contract.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *Morgan*, J. *John N. Ogden* and *F. Perrodin,* for plaintiffs and appellees. *Henry L. Garland,* for defendants and appellants.

WYLY, J. On thirtieth September, 1865, Alexander Stelly sold a small tract of land to Stanville Prejean for $1050, "which amount (the deed recites) said purchaser promises and binds himself to pay to Bienvenu Stelly in one and two years from this day, with eight per cent per annum interest from the present date, *in payment of a certain mortgage bearing on said land for the sum of nine hundred and six dollars* and twenty cents, bearing eight per cent interest from twenty-sixth July, 1865."

Bienvenu Stelly foreclosed, *via executiva,* the mortgage given to secure this debt of $1050. Plaintiff, as transferee of Alexander Stelly, brought this suit by way of third opposition, claiming the proceeds of the sale of the mortgaged property. The ground for action is the mortgage debt of $906 20, in settlement of which Bienvenu Stelly acquired the claim in question, was for Confederate treasury notes; therefore the claim of $1050, sought to be enforced, belongs to her as transferee of Alexander Stelly, who sold the land to Prejean.

The court maintained this opposition, and Bienvenu Stelly has appealed. The court erred.

Appellant is the owner of the claim of $1050 sought to be enforced, and the consideration thereof was for land; it was not for Confederate notes. The consideration of the mortgage of $906 20 may have been for Confederate notes; and if that obligation were sought to be enforced, the court, under the settled jurisprudence of the State, would refuse to allow any relief.

Plaintiff can assert no greater rights than Alexander Stelly, under whom she claims. Alexander Stelly could not recover from Bienvenu Stelly the claim against Prejean for $1050, which he gave in settlement of his own debt of $906 20, secured by mortgage; it was an executed contract; and it can not be annulled on account of Confederate money consideration. The policy of the law is to allow neither party to recover on an immoral contract.

It is therefore ordered that the judgment herein be annulled, and that plaintiff's demand be rejected with costs of both courts.